Our first case of the morning is 410-05-49, W.E. Excavating, Inc. v. Gilbert, and it's consolidated with another case of the same parties, for the appellant, Mr. Briske, for the appellee, Ms. Wells, and Mr. Thomas. Will you both be speaking? Mr. Briske, on behalf of Steven Gilbert, I appreciate the Court's indulgence in scheduling this for oral argument and allowing me to appear at this late date. While I'd be happy to answer any questions regarding other issues in the case, there are two matters that I'd particularly like to address. First, after the appeal was filed and at least some of the briefing completed, the plaintiff withdrew its petition for attorney's fees pending in the trial court. Apparently so, there would be no question that there was a final order and this Court had jurisdiction. That being the case, the plaintiff having withdrawn the fee petition and the order of appeal thus resolving all issues before the trial court, even if there is an affirmance, it should not include an award of attorney's fees. There is nothing in the record which would indicate that the Court below ever made the analysis which is required under the Mechanics-Lean Act, Section 17d, for an award of attorney's fees. The statute requires a specific finding that the failure to pay was without just cause or right, but then defines that as not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. That's a very high standard and is the same standard for awarding fees in a civil case. No one questions that the plaintiff did not supply the type of stone that the contract required. While the Court below resolved the issues against Mr. Gilbert, there were certainly issues as to how the breach by the plaintiff was to be or could be cured and the value of the work done before the plaintiff walked off the job. It simply isn't credible that the plaintiff didn't know that it had gotten the wrong stone when it put it on the ground. So there were also genuine issues about when the contract was to be paid, including some documentation provided by the plaintiff, I believe in the Notice of Lien, showing that the payment wasn't due until all the work was completed. So clearly the standard of no factual or legal basis at all for the positions taken by Mr. Gilbert did not apply. So because there was no 17D analysis showing that that standard had been met, and because even if there had been the analysis, it didn't meet that requirement, and because the fee petition was withdrawn, there should not be any award of attorneys fees. But more importantly, the plaintiff's whole case must fall for failure to join a necessary party. Both the original and amended lien claims correctly named Gilbert Land Development, Inc., an Illinois corporation, as the owner of the land. And that's A82 and A94 of the record. So there's no doubt that the plaintiff knew who the owner of the land was. The trial court recited all the instruments that had been recorded on the property in the recent past, that's A51, which establishes that when the case was filed, Gilbert Land Development, Inc. was the record owner and had been since November 6, 2006. But none of the three complaints name Gilbert Land Development, Inc., a corporation, as a party defendant. They only name Stephen Gilbert, DBA, various names, including this name. Despite the lien claim showing the corporate title, and paragraph 2 of the complaint only names Stephen Gilbert, DBA, Gilbert Land Development, Inc., and Steve Gilbert Real Estate, LLC, as owners. And not the corporation that they actually knew owned the land. The catch in the case does not include the corporation. Although the corporation was never made a party, apparently the plaintiff did try to serve its registered agent, but service was defective. As the return of service, which is in the record at A86 shows, summons was given to the secretary of the registered agent, which is not proper service, a Rebecca Fowler. The judgment itself identifies Steve Gilbert only as owner or someone acting with authority from the owner, but never makes a finding as to who the owner is. And at paragraph 10, only Steve Gilbert, with his DBAs, his aliases, were identified as defendants. The corporation is a stranger to the case. The record establishes that defendants counsel argued over and over, and right to the end, that the proper parties hadn't been named as defendants in the case. But the plaintiff, despite having amended the complaint twice, never bothered to bring them in. The Mechanics Lien Act requires the plaintiff to join the owner, period. The owner is a necessary party under Section 11B of the Mechanics Lien Act. In 11C, it states that necessary parties who are not of record can be joined as unknown necessary parties. So if they are of record, as the corporation was here, they can't be joined as unknown necessary parties. How would you explain this to a layperson, given that the real purpose of service is notice? This isn't a question of due process. This is a question of strictly applying the Mechanics Lien Act, which is what's required. And we're not arguing that there was lack of due process. 11C doesn't apply because the corporation was of record and was not unknown. And you can't name, and it requires, even if it was an unknown owner, an unknown necessary party, it's called unknown necessary parties under the statute, which they didn't include in their caption either. 11C allows unknown owners, but that applies to parties that aren't necessary parties.  I could find nothing in the record where the corporation was ever made a party, or where the defendant's counsel appeared for the corporation. There is something in the record where my predecessor counsel stated, when asked the question, are you here for all the defendants, he answered yes. But that's only for those parties who are actually defendants, and the corporation was not. And again, he argued right to the very end when they were arguing the terms of the order. There may be some discussion of a misnomer or a mistaken identity, but that only applies, that only is relevant if there's an attempt to amend the complaint, and then have the complaint look back to the original date of filing. But here there was no amendment, so it doesn't matter whether it was a misnomer, mistaken identity, or what's in fact the case. They knew precisely who the owner was, but just didn't bother to join them. How could you foreclose a lien, frankly, without joining the record owner? It seems black letter. For this reason, the entire judgment must be reversed, and judgment entered for the defendant. And I'll reserve my five minutes, and thank you, Your Honor. Thank you, counsel. Good morning, Your Honor. I'm Suzanne Wells, attorney for the plaintiff. I'll address first Mr. Briskey's argument about the Section 17d findings that are necessary by the court, and I would just direct Your Honor's attention to Judge Schunkweiler's supplement to his memorandum order that was entered February 8th, 2010, when after hearing on that very same issue, he supplemented his original order that he entered, I believe that was on December 1st. After hearing on that very issue, he did make those findings. What does it mean if the plaintiff withdrew its petition for attorney's fees? Well, that was pending what the judge ordered in February of 2008, that the plaintiff had the right to petition for attorney's fees, the defendant had the right to question the attorney about the reasonableness of those fees. So there was intended to be additional hearings on the amount and reasonableness of the fees and costs. That continued to pend during the period of time he filed the notice of appeal. I had filed a petition for attorney's fees, I withdrew it so that the appeal could be heard. Otherwise, the judgment, I think we agreed the judgment wasn't a final and appealable order if there were additional hearings that were actually pending and were being set. Well, if you withdrew your petition for attorney's fees, then what difference does it make whether the findings were made? Well, the findings were made that attorney's fees are allowed and the exact amount was not set prior to the appeal. Well, if you withdraw that petition, it's your contention that that earlier order somehow remains alive? That's an issue that can be... Yeah, that's actually what I believe the judge... So you withdrew the petition so we would have jurisdiction, and now you're saying you didn't withdraw the petition? Oh, no. It sounds like it was just a gimmick then? Oh, no. No, absolutely not. The court, what the court decided was, the court finds that Gilbert had no just cause or right for failure to pay claimant the amount of the lien claim, including the extras. Attorney's fees and costs are awarded to claimant. However, Gilbert has a right to question claimant concerning the necessity and reasonableness of the attorney's fees and costs requested. So judgment for interest... There was also, in the original memorandum order, the court ordered interest based on a different statute, not the mechanic's claim statute. So again, after hearing, the court addressed that issue as well. The memorandum order goes on to say judgment for interest in the sum of 10% from December 2006 is entered, in addition to reasonable and necessary attorney's fees and costs to be determined after hearing. So at that point, I felt like it was my job to present, to start the process of having the hearing on that. Mr. Kirshner filed the notice of appeal, and so there was a question whether we really could move forward on the attorney's fees and set those at that time, or maybe it was better to set the reasonableness of the fees later. So that was withdrawn, because I thought that was the appropriate thing to do at the time, because the matter was appealed. So that we would have jurisdiction? Yeah. So that there wasn't a... Or there wouldn't be a question about that. Yeah, and I didn't have a problem with the fact that Mr. Kirshner filed the appeal and he had issues. And at that point, I thought, frankly, setting the attorney's fees right now and going through this hearing is also a little bit duplicitous. If we're going to have an appeal, I guess I'm going to have to do that again, and so maybe that's not really the best use of the court's time at this point. Okay. Please continue. The issue with Gilbert Land Development, Inc., Lakeview Trust versus Estrada, that's the case that talks about the corporations. It's very confusing to follow, but it's a corporation that's Grano de Oro, Grano del Oro, different El Grande Oro, very confusing fact situation. But the issue of the case is that there was no service of summons on the corporation. And in this matter, we have service. In addition, the court noted in its memorandum order, he directly addressed Attorney Kirshner on the issue of his appearance for the defendants. And Mr. Kirshner acknowledged, and the court notes it in his memorandum order of December 1st, in defendant's motion to dismiss, filed February 25th, 2008, all defendants stated their appearance in the case so far. So whatever irregularities there were in the service were resolved when Mr. Kirshner entered his appearance without any limitation on his appearance, special and limited. The judge himself questioned him on that issue, and in his memorandum order, he addresses that, that Mr. Kirshner entered his appearance on behalf of all defendants. In Lakeview Trust itself, the court notes that generally a party's appearance before the trial court with no contest to the court's jurisdiction constitutes a waiver of any claim that failure to serve summons deprive the court of jurisdiction. So even the case that Mr. Kirshner cites as his support, the court acknowledges that a waiver of any of those defects presents the client to the jurisdiction of the court. Who were the named defendants that Mr. Kirshner entered his appearance on? He said that he entered his appearance on all named defendants other than unknown owners and non-record claimants. And who were those all defendants that he referred to? I can't remember at this point if he itemizes the names of the corporations or not, but I know that the court questioned him on that, and the court was satisfied that he was there. Did Mr. Kirshner say, I hereby am entering my appearance, or I'm appearing for Gilbert Land Development Incorporated? He said, I'm here for all defendants except for the unknown owners and non-record claimants. Was Gilbert Land Development Incorporated a named defendant? Yes. Where? In a complaint or in a caption or where? He is named. The problem with Mr. Gilbert is... No, I'm not asking about the problem with him. I understand the possibility of confusion. I'm asking, is that defendant by name with the ink after it as a corporation, is it named in a complaint or a caption? Yes. Those words are used? Yes. Okay. Where, the original complaint? Yes. Yes. You sure it doesn't say Gilbert DBA? It does say Steve Gilbert DBA, Gilbert Land Development Inc. But that is an individual, Gilbert DBA, isn't it? But the corporation, Gilbert Land Development Inc., was issued a summons and was served. So then there would be... I think there's an argument over whether that service was proper because of who received it. Right. But then, Mr. Kirshner appears in court, Judge Schunkweiler questions him and he says, I'm here for all defendants. He wouldn't... Steve Gilbert isn't a plural. He would say, I am here for Steve Gilbert. He said, I'm here for all defendants except for unknown owners. And I believe it's non-record claimants. He says, I'm here for all defendants. Steve Gilbert is not a plural individual. And the court was satisfied with that. He's named Steve Gilbert DBA, Steve Gilbert Real Estate LLC. And LLC is a different individual or party than Steve Gilbert as an individual or Steve Gilbert doing business as Gilbert Land Development Inc. or different than Gilbert Land Development Inc. alone. Right. Wouldn't that be plural? Well, Steve Gilbert is a common thread. And so if those were all just individuals, he would just say, I'm only here for Steve Gilbert. He didn't restrict his appearance. He said, I'm here for all defendants except for the unknown owners. So are there cases that say if there's a defendant who's... who believes they've not been properly served and is not... no one's entered an appearance  or a written appearance of filing... Are there cases that say an attorney is saying, well, I'm here for the defendants? Yeah, I think Lakeview Trust says that. There could be a waiver. Certainly... Well, I understand there could be a waiver. I'm asking whether there are cases that say in this instance. I mean, standing up and... you know, you're hanging your... in part, you're hanging your hat on him saying that. And Judge Shockwell, apparently, thinking it was significant. Yeah, of course. And so feeling that that issue had been resolved at that point because he had entered his appearance on behalf of Gilbert and the corporate defendants. At that point, it was as if that matter had been addressed and resolved. I think everybody was satisfied when he said, I'm here for all defendants except for the non-record... the unknown owners and non-record claimants. I think at that point, everybody felt like that issue had been addressed. And I think that, you know, certainly... I think... and not binding on this court, but I think persuasive as well, through independency of this appeal, Gilbert Land Development Inc. sued myself, the defendant, and Kelly Fenneth, the public administrator in federal court, claiming lack of due process and a violation of his civil rights because he wasn't a named defendant in this action. And that case was dismissed and the federal court specifically found that Gilbert Land Development Inc. was a party and therefore was afforded due process in the state court action. So basically, his argument was the same cases that we have here. He sued in federal court saying, my rights are being terminated... or being violated, I should say, because of the lack of due process and the federal court said, we find you were a party to the action. So this issue has been... although I know that's not binding on you, but that same issue, and that was principally his only argument in the federal court. With respect to the misnomer and the mistake Mr. Briskey brought it up, the misnomer is, I think, actually an important distinction. Capital one versus, and I think you would say it, Sakala, it's a third district 08 case. And the court made a distinction between the misnomer and mistake and I think that's a very important distinction. A misnomer, as the court explains, is a mistake in naming. But the proper party was served and received notice of the proceeding. A mistake is, and in this case, in the capital one case, what happened was the plaintiff's law firm was a firm collecting a credit card debt. There was a gentleman in business who owned a company called Sealand Foods, Inc. He was the president and he was the Mr. Sakala, who's the defendant. They named him as the defendant, whatever his first name is, Sakala DBA Sealand Foods, with no ink, and served the wife on personal service, a boat service at their home. The court, capital one versus Sakala, talks about one of the issues in notice and service is the plaintiff's intent. Did the plaintiff intend to serve a corporate defendant or an individual defendant? And in this case, they found the plaintiff intended to serve an individual defendant. That is completely different than the case that we have for you today. The court also found that Sealand Foods didn't exist. Sealand Foods, Inc. existed. And they really had a problem with the plaintiff attorney and he had misnamed the corporation throughout a series of, starting with the first letter from the plaintiff's law firm to the complaint, the actual, when they found the complaint, there was the credit card agreement and it specifically states in the credit card agreement, by his president, this Mr. Sakala. So they said that there's a difference between a misnomer. A misnomer is a mistake, but the party is served and has notice. This subjects the party to the court's jurisdiction. And the complaint, in fact, they go on to say, it can be amended anytime, even after judgment, to correct the misnomer. The misnomer says there was some mistake in how you were named, but the right party was named and you got notice and you were able to be part of the case. Mistake is, and that would go back to this other case, it's similar to the Lakeview Trust case, mistake is, you're serving somebody totally different and it may not have anything to do with the case you're dealing with. You just don't have it at all. And in the Lakeview case, there were different corporations, all had similar names, and there was confusion about those names. They just didn't get it right. They were also Spanish names, and so it was very confusing. They just didn't get it right. They just didn't name the right corporation. They had different corporate names that were not the corporate names that were involved. Capital One says, if there's a mistake in the naming, but properly served your jurisdiction. So I think in this case, the argument could be made that there was a mistake in naming, the corporation was served and then subjected itself, in addition to the court's jurisdiction, giving the court jurisdiction over the corporation in this matter. The case itself is a fairly simple case. Coghlan is an Illinois Supreme Court case that talks about mechanics liens and how they're addressed. In Coghlan, the party, one of the lien claimants filed an answer to another lien claimant's complaint for foreclosure. They were added as a party and all these other subs or whatever. When they filed their answer, the case came to trial, the matter was settled between the plaintiff and the defendant, say, owner, and it was dismissed. This lien claimant said, you can't dismiss my case, I didn't get settled, I didn't get satisfied in this case, you're affecting my rights. And the court said, you filed an answer, you didn't file a counterclaim. And Coghlan says that that was actually wrong. The Mechanics Lien Act should be liberally construed as a remedial act. And they felt that, and this is an Illinois Supreme Court case, that the answer should have been construed as a counterclaim and not dismissed as this other lien claimant, which is what happened to him. Counsel, your time has expired. Okay, thank you. Rebuttal, Mr. Gorski? Thank you, Your Honors. First, as far as I know, the federal case to which counsel referred is not of record, and so this court really can't consider it. But the issue in a federal case would have to be due process, and I've already indicated due process isn't the issue. Confusion may have been possible, but in this case they knew, because they put it right in the lien claim, who the owner was. And we all know how to make a party a defendant. You put them in the caption, and when you start, you say, we're complaining of defendants A, B, C, and D. And you identify them, and you put an allegation in the complaint as to who they are and why they're being joined. We all know how to do that. And that was never done in this case, despite the fact they knew who to join and how to do it. And the fact that they may have attempted to serve them, that's not how you make a party a party to a case, just by sending them a summons. You have to put some allegations. You have to put them in the complaint. Counsel, do you agree that Mr. Kirshner stated to the trial court that he was appearing on behalf of all named defendants, except for non-record owners and unknown parties? That is exactly what I understand he said. And I understand that as far as I can tell, and again I came on this case a couple of weeks ago, as far as I can tell from reading the record, there's no place where he said, name those defendants. It's just all defendants. And if you're not in the caption, and if there are no allegations, and you're not identified as a party defendant, if you say I appear for the defendants, that's not a waiver of anybody who maybe should have been a defendant, but wasn't. And at the very end... How about counsel's argument that he used the defendant in plural, put an S on the end of it? Well, you know, I... If it's Gilbert DBA, Gilbert DBA, I think her argument was that's one individual. Well, you know, it's ambiguous. I'm not sure I can find the complaint right now, but in Paragraph 2 of the complaint, it names Stephen Gilbert, a.k.a. Stephen Gilbert DBA, Gilbert Land Development, Inc., and Steve Gilbert Real Estate LLC. So in Paragraph 2 of the complaint, it's ambiguous as to whether the LLC is a named defendant or just another DBA. And I can't step into the minds of my predecessor counsel, but... Or he may have just been being sloppy because of all the AKAs and the DBAs. Well, but sloppy counts. It does. It does. But I think it counts for both sides. Thank you, Your Honors. Thank you, counsel.